UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DICISION

VHS OF MICHIGAN, INC. d/b/a DETROIT
MEDICAL CENTER, (re: Peter Duato)

      Plaintiff,                            Case No.

v.                                           Hon.

ALLSTATE INSURANCE COMPANY,

      Defendant.
_____/

**KEVIN A. McNEELY (P38368)**
**MILLER & TISCHLER, P.C.**
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334-5401
(248) 945-1040   Fax: (248) 536-5042
kmcneely@msapc.net
_____/

        There is a prior civil action arising out of the same occurrence alleged in this complaint and filed with this court as Case No. 2:22-CV-10788-MFL-DRG assigned to the Hon. Matthew F. Leitman.

                               / s / *Kevin A. McNeely*
                                 Kevin A. McNeely

## COMPLAINT

Plaintiff, VHS of Michigan, Inc. d/b/a Detroit Medical Center ("DMC"), for its Complaint states as follows:

1. This is an action for No-Fault benefits. Patient Peter Duato ("Duato") (Allstate Insurance Company Claim No. 0646106336) sustained bodily injuries in a motor vehicle accident on or about October 20, 2021, within the meaning of the No-Fault Act MCL. 500.3101 *et seq*.

2. DMC provided services to Duato for injuries arising out of the October 20, 2021 motor vehicle accident. By this action, DMC seeks No-Fault benefits for the services rendered to Duato.

3. DMC is a provider of medical, therapeutic and rehabilitative services with its principal place of business in Wayne County, State of Michigan.

4. Defendant, Allstate Insurance Company ("Allstate"), is a foreign insurance company with its headquarters in Cook County, Illinois, that routinely conducts business in Wayne County, State of Michigan.

5. Jurisdiction is proper in this Court because the amount in controversy is more than $75,000.00 and declaratory relief is sought.

6. DMC files this lawsuit pursuant to its right of direct action for overdue benefits, MCL 500.3112, as amended. Reasonable proof of the fact and amount of loss was submitted to Defendant and received. No payment has been made and benefits are overdue.

7. This action is based upon a written instrument, being the No-Fault insurance policy issued by Defendant Allstate to Raiser, LLC., Policy No. 648903596, which is in the possession of the Defendant.

8. DMC provided healthcare services to Duato for injuries arising out of his October 20, 2021 motor vehicle accident that were reasonably necessary for his care, recovery and rehabilitation.

9. DMC provided medical services to Duato in the amount of $171,157 for service dates January 11, 2022 through February 16, 2022, submitted reasonable proof of the fact and of the amount of the loss to Allstate pursuant to MCL 500.3142 and demanded payment.

10. Allstate is the insurer in the highest order of priority responsible to pay for products, services and accommodations for Duato, by virtue of the above-referenced Allstate Insurance policy, pursuant to MCL 500.3114(2). Duato was the operator of his motor vehicle in Detroit, Michigan and was engaged in the business of transporting passengers as defined in MCL 500.3114(2) as there was a passenger in the vehicle which he obtained through the use of a transportation network, Uber, and the network was activated.

11. While engaged in a ride-sharing activity, Mr. Duato's vehicle was rear-ended by another vehicle, causing accidental injuries to Duato.

12. Despite demands for payment, Allstate has failed to pay for the services rendered to Duato by DMC, and Allstate is in breach of its contractual and statutory obligations to pay no-fault benefits on behalf of Duato.

13. Allstate claims that its insurance policy is limited to $250,000 of coverage for allowable expenses/medical expenses under its PIP coverage provision.

14. Upon information and belief, Mr. Duato, as well as DMC, has submitted claims for medical expenses in excess of $250,000, which Defendant is liable to pay.

15. Despite receipt of DMC's written claims for payment, submitted as reasonable proof of fact and amount of loss (MCL 500.3112), Allstate issued payment to other entities who had submitted claims for payment to the detriment of DMC whose claim was known to Allstate at the time.

16. Despite having knowledge of DMC's claims, Allstate issued payments to other entities and claims to have exhausted its limit of $250,000 without paying any portion of the DMC claim.

17. These payments to other entities by Allstate were not made in good faith and were not equitable in relation to the unpaid claims of DMC. Such payments being made while Allstate was notified of DMC's claims in writing does

not discharge Allstate's liability to the extent of those payments, pursuant to MCL 500.3112.

18. An equitable apportionment of PIP benefits owed by Allstate should have included DMC's claims.

19. Allstate is now liable for the full claims made by DMC, albeit in excess of its claimed policy limit, for neglecting to include DMC in an equitable apportionment.

20. Allstate is liable to DMC for PIP benefits up to its maximum coverage limit without getting credit for payments that were not made in good faith to any other entity after receiving notice of DMC's claim.

21. Allstate's failure to pay DMC claims in excess of those claims already paid is a breach of its statutory obligation under the No-Fault Act.

22. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay DMC for services rendered to Duato arising out of the October 20, 2021 motor vehicle accident.

23. Allstate's withholding and/or delaying payment to DMC is a breach of Allstate's contractual and statutory obligations to provide timely No-Fault insurance benefits for injuries Duato sustained in the motor vehicle accident and subjects Allstate to No-Fault penalty interest.

24. Allstate's refusal or delay in making payments to DMC is unreasonable within the meaning of the No-Fault law and subjects Allstate to liability for No-Fault attorney fees.

WHEREFORE, Plaintiff demands the following relief:

a. That this Court adjudicate Defendant's liability for services the Plaintiff provided    Peter Duato;

b. That this Court grant judgment against the Defendant in whatever amount of compensatory damages to which the Plaintiff is found to be entitled, together with costs, interest, and attorney fees;

c. That, in accordance with MCR 2.605, this Court determine the total amount of liability due and payable to the Plaintiff by the Defendant; and

d. Such other further relief as the Court deems just and proper.

Respectfully submitted,

MILLER & TISCHLER, P.C.

   /s/ Kevin A. McNeely
BY: KEVIN A. McNEELY (P38368)
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
DATED:  January 9, 2022            (248) 945-1040