UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VHS OF MICHIGAN, INC. d/b/a DETROIT
MEDICAL CENTER, (re: Peter Duato)

       Plaintiff,            Case No. 2:23-cv-10055-MFL-DRG

v.                          Hon. Matthew F. Leitman

ALLSTATE INSURANCE COMPANY,

       Defendant.
_____/

**KEVIN A. McNEELY (P38368)**
**MILLER & TISCHLER, P.C.**
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334-5401
(248) 945-1040   Fax: (248) 536-5042
kmcneely@msapc.net
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, VHS of Michigan, Inc. d/b/a Detroit Medical Center ("DMC"), for its First Amended Complaint states as follows:

1. This is an action for No-Fault benefits.  Patient Peter Duato ("Duato") (Allstate Insurance Company Claim No. 0646106336) sustained bodily injuries in a motor vehicle accident on or about October 20, 2021, within the meaning of the No-Fault Act MCL. 500.3101 *et seq*.

1

2. DMC provided services to Duato for injuries arising out of the October 20, 2021 motor vehicle accident. By this action, DMC seeks No-Fault benefits for the services rendered to Duato.

3. Detroit Medical Center is an assumed name for VHS of Michigan, Inc. VHS of Michigan, Inc. is a corporation duly organized under the laws of the State of Michigan and its principal place of business is in the City of Detroit, Michigan.

4. Defendant, Allstate Insurance Company ("Allstate"), is a corporation that is duly organized under the laws of the State of Delaware and its principal place of business is in Northbrook, Illinois.

5. Plaintiff's Complaint seeks the recovery of medical expenses in the amount of $171,157, therefore the amount in controversy exceeds $75,000.00.

6. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every foreign state by which it has been incorporated and of the state that serves as their principal place of business. 28 U.S.C. §1332(c)(1). Defendant Allstate is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Illinois. VHS of Michigan, Inc. is incorporated under the laws of the State of Michigan with its principal place of business in Michigan.

7. Complete diversity exists between the parties pursuant to 28 U.S.C §1332(a)(1).

8. A substantial part of the events or omissions giving rise to this claim occurred in this judicial District and venue is proper in this District pursuant to 28 U.S.C. §1391(b).

9. DMC is a provider of medical, therapeutic and rehabilitative services and files this lawsuit pursuant to its right of direct action for overdue benefits, MCL 500.3112, as amended. Reasonable proof of the fact and amount of loss was submitted to Defendant and received. No payment has been made and benefits are overdue.

10. This action is based upon a written instrument, being the No-Fault insurance policy issued by Defendant Allstate to Raiser, LLC., Policy No. 648903596, which is in the possession of the Defendant.

11. DMC provided healthcare services to Duato for injuries arising out of his October 20, 2021 motor vehicle accident that were reasonably necessary for his care, recovery and rehabilitation.

12. DMC provided medical services to Duato in the amount of $171,157 for service dates January 11, 2022 through February 16, 2022, submitted reasonable proof of the fact and of the amount of the loss to Allstate pursuant to MCL 500.3142 and demanded payment.

13. Allstate is the insurer in the highest order of priority responsible to pay for products, services and accommodations for Duato, by virtue of the above-

referenced Allstate Insurance policy, pursuant to MCL 500.3114(2). Duato was the operator of his motor vehicle in Detroit, Michigan and was engaged in the business of transporting passengers as defined in MCL 500.3114(2) as there was a passenger in the vehicle which he obtained through the use of a transportation network, Uber, and the network was activated.

14. While engaged in a ride-sharing activity, Mr. Duato's vehicle was rear-ended by another vehicle, causing accidental injuries to Duato.

15. Despite demands for payment, Allstate has failed to pay for the services rendered to Duato by DMC, and Allstate is in breach of its contractual and statutory obligations to pay no-fault benefits on behalf of Duato.

16. Allstate claims that its insurance policy is limited to $250,000 of coverage for allowable expenses/medical expenses under its PIP coverage provision.

17. Upon information and belief, Mr. Duato, as well as DMC, has submitted claims for medical expenses in excess of $250,000, which Defendant is liable to pay.

18. Despite receipt of DMC's written claims for payment, submitted as reasonable proof of fact and amount of loss (MCL 500.3112), Allstate issued payment to other entities who had submitted claims for payment to the detriment of DMC whose claim was known to Allstate at the time.

19. Despite having knowledge of DMC's claims, Allstate issued payments to other entities and claims to have exhausted its limit of $250,000 without paying any portion of the DMC claim.

20. These payments to other entities by Allstate were not made in good faith and were not equitable in relation to the unpaid claims of DMC. Such payments being made while Allstate was notified of DMC's claims in writing does not discharge Allstate's liability to the extent of those payments, pursuant to MCL 500.3112.

21. An equitable apportionment of PIP benefits owed by Allstate should have included DMC's claims.

22. Allstate is now liable for the full claims made by DMC, albeit in excess of its claimed policy limit, for neglecting to include DMC in an equitable apportionment.

23. Allstate is liable to DMC for PIP benefits up to its maximum coverage limit without getting credit for payments that were not made in good faith to any other entity after receiving notice of DMC's claim.

24. Allstate's failure to pay DMC claims in excess of those claims already paid is a breach of its statutory obligation under the No-Fault Act.

25. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay DMC for services rendered to Duato arising out of the October 20,

2021 motor vehicle accident.

26. Allstate's withholding and/or delaying payment to DMC is a breach of Allstate's contractual and statutory obligations to provide timely No-Fault insurance benefits for injuries Duato sustained in the motor vehicle accident and subjects Allstate to No-Fault penalty interest.

27. Allstate's refusal or delay in making payments to DMC is unreasonable within the meaning of the No-Fault law and subjects Allstate to liability for No-Fault attorney fees.

WHEREFORE, Plaintiff demands the following relief:

a. That this Court adjudicate Defendant's liability for services the Plaintiff provided Peter Duato;

b. That this Court grant judgment against the Defendant in whatever amount of compensatory damages to which the Plaintiff is found to be entitled, together with costs, interest, and attorney fees; and

c. Such other further relief as the Court deems just and proper.

>
> Respectfully submitted,
>
> MILLER & TISCHLER, P.C.
>
> _/s/ Kevin A. McNeely_
> BY: KEVIN A. McNEELY (P38368)
> Attorney for Plaintiff
> 28470 W. 13 Mile Road, Suite 300
> Farmington Hills, MI 48334
> (248) 945-1040

DATED: January 24, 2023